IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

        Appellant,

 v.                                Case No.  5D15-4446

MALCON LEE TAYLOR,

        Appellee.

_____/

Opinion filed October 21, 2016

Appeal from the Circuit Court
for Orange County,
Robert J. Egan, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellant.

John P. Guidry, II, Orlando, for Appellee.

PER CURIAM.

The issue in this appeal is whether the trial court erred in granting the revised motion to suppress filed by Malcon Lee Taylor ("Defendant") based on the failure of the police to comply with Florida's knock-and-announce statute found in section 901.19(1),

Florida Statutes (2015).[1]  We note parenthetically that the trial court denied Defendant's initial motion to suppress, which prompted him to file his revised motion alleging the failure of the police to comply with section 901.19(1) and the holding in State v. Cable, 51 So. 3d 434, 443-44 (Fla. 2010).  In ruling on the revised motion, the trial court applied the decision in Cable as strictly requiring suppression if the police do not comply with the statute.  However, the Florida Supreme Court in Benefield v. State, 160 So. 2d 706 (Fla. 1964), held that exceptions to the statute may apply.  Specifically, the court in Cable quoted the following part of the Benefield decision:

> As we interpret the common law authorities in relation to § 901.19(1), Florida Statutes, F.S.A., we conclude that even if probable cause exists for the arrest of a person, our statute is violated by an unannounced intrusion in the form of a breaking and entering [of] any building, including a private home, except (1) where the person within already knows of the officer's authority and purpose; (2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm; (3) if the officer's peril would have been increased had he demanded entrance and stated the purpose, or (4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted . . . .

> . . . Under the peculiar facts of this case, we are convinced that § 901.19(1), Florida Statutes, F.S.A., was violated and that its violation is not excused by any of the exceptions discussed herein and for this reason the fruits of the search being the product of an unlawful arrest and a search incident thereto, should have been excluded by the trial court upon proper motion.

---

[1] Defendant was charged with trafficking in cocaine, trafficking in hydrocodone, possession of a controlled substance, and possession of more than twenty grams of cannabis.  This contraband was seized from a house occupied by Defendant.

51 So. 3d at 438 (quoting Benefield, 160 So. 2d at 710-11). The court in Cable refused to recede from Benefield, thus leaving these exceptions applicable to instances where violations of section 901.19(1) are alleged. Therefore, the trial court's application of its strict standard of allowing no exceptions to compliance with the statute was error.

We conclude, based on the evidence and testimony presented, that the fourth exception noted in Benefield applies. Specifically, noncompliance with the statute in this particular case does not require suppression because the trial court concluded that the motion would otherwise be denied based on the testimony of the officers that individuals in the home engaged in activities which justified the officers' belief that destruction of evidence was being attempted. See State v. Bamber, 630 So. 2d 1048, 1053 (Fla. 1994) ("[P]olice generally are excused from following the knock-and-announce rule where the destruction of evidence is imminent—a circumstance arising often in drug cases."). Therefore, the trial court erred in granting Defendant's revised motion to suppress. We remand this case for further proceedings.

REVERSED and REMANDED.

SAWAYA, PALMER and BERGER, JJ., concur.